### William R. Hauze v. Guy H. Powell, Assignee.

1. PRACTICE—*What the General Issue Admits.*—When a defendant pleads the general issue he admits the allegations of the declaration as to the facts averred concerning the right of the plaintiff to sue in a representative capacity.

2. SAME—*Rights of Recovery by Assignees.*—A person can not maintain a suit in his own name as assignee of a claim for money had and received for the use of another, except under the statute, where there has been a general assignment to him for the benefit of creditors.

3. PARTIES—*Assignees of Choses in Action.*—Where a person is simply an assignee of a chose in action, he can not maintain an action to recover thereon in his own name.

Assumpsit, for money had and received. Appeal from the County Court of Cook County; the Hon. M. W. THOMPSON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1899. Reversed and remanded. Opinion filed July 31, 1900.

HOFHEIMER & PFLAUM and W. B. WILSON, attorneys for appellant.

GRAHAM H. HARRIS, attorney for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

In the præcipe filed in this case the plaintiff is " Guy H. Powell, assignee of the Photo Tint Engraving Co." In the

summons "Guy H. Powell, assignee of the Photo Tint Engraving Company, corporation, etc." In the declaration " Guy H. Powell, duly appointed on the seventh day of May, A. D. 1896, assignee of the Photo-Tint Engraving Company, a corporation duly organized under the laws of the State of Illinois, who sues by leave of court."

Appellant is a practicing attorney in this city. This suit is brought to recover from him the amount which he collected (less his fees) upon a claim against W. H. Mullin, placed in his hands for collection. Appellee was at one time employed in the office of appellant and thus became cognizant of the placing of said claim in the hands of appellant for collection. He was called by appellee as a witness upon the trial, and testified as follows:

" The account was in favor of D. C. Bitter. He was at the time the account—the liability—was made, doing business under the name of the Photo-Tint Engraving Company, which was not a corporation, it was D. C. Bitter."

The testimony of said Bitter, also called as a witness by appellee, is positive to the same effect—so, also, is the testimony of appellant.

Appellee also offered testimony tending to show that said claim against Mullin was assigned by said D. C. Bitter to his brother, Lawrence Bitter, and that the interest of Lawrence Bitter came to Guy H. Powell by proper transfers. We do not wish to be understood as saying that the evidence offered was proper, or sufficient to show such a transfer, but for the present purpose it may be assumed that it was.

Counsel for appellant contends that there is no sufficient testimony to sustain the right of appellee to sue in his own name as assignee. To this appellee replies, in effect, that the declaration alleges that Powell was duly appointed assignee and sued by leave of court, and that if appellant desired to controvert his right to sue as assignee, he should have pleaded in abatement. That is not a sufficient reply to appellant's contention. The most that can be said is that appellant, by pleading the general issue, admitted the allegations of the declaration as to the facts averred concerning

the right of appellee to sue in a representative capacity. The declaration nowhere states that an assignment for the benefit of creditors had been made by said engraving company to said Powell. The statement or averment in the declaration as to said Powell being assignee of said engraving company, is that quoted above, and that is hardly more than *descriptio personæ*. But if it be considered as an averment that said Powell was assignee of said company, it does not follow that he was assignee for the benefit of creditors under the statute which authorizes an assignee to sue in his own name. Neither does it follow that he was assignee of any chose in action due or claimed to be due to said company, other than the one in question. That statement in the declaration would apply equally well if said company had sold and assigned to said Powell the claim against Mullin, and that claim only.

And the testimony does not improve the situation for appellee. When put upon the witness stand he was asked this:

"You are the assignee in this case, are you?" And he replied, "Yes."

After testifying that D. C. Bitter was doing business under the name "Photo-Tint Engraving Co." and concerning this claim in the hands of appellant, he was asked this question:

"You are the assignee of the Photo-Tint Engraving Co., a corporation?" And replied, "Yes."

So far as our attention has been called to it, or as we have noticed, that is all the testimony in this record from which it might be contended that appellee is assignee for the benefit of creditors. Said Powell could not maintain a suit in his own name as assignee of said claim except under the statute, when there had been a general assignment for the benefit of creditors. Neither the averment of the declaration, if admitted to be correct, nor the testimony, establishes that such an assignment was ever made.

If said Powell was simply the assignee of said claim or chose in action then he can not sustain his suit to recover thereon in his own name. It would seem that it must have

been at one time the intention of appellee to seek to recover in this case simply as assignee of the claim against appellant and not as assignee for the benefit of creditors. Otherwise why should he have introduced upon the trial what he contended was an assignment of this claim by D. C. Bitter to Lawrence Bitter, and have followed that with other papers and testimony tending to bring the title of Lawrence Bitter down to himself? Indeed, if any assignment of the claim in question is shown by the testimony in this case, it is an assignment of this claim alone, not for the benefit of creditors generally under the statute, but from B. C. Bitter to Lawrence Bitter and then from Lawrence Bitter by certain orders in writing to said Powell. In a proceeding at law, said Powell, under such an assignment, can not recover in his own name.

If appellee seeks to recover in his own name as a general assignee for the benefit of creditors, he must here fail for want of averment and proof; if he seeks so to recover as assignee simply of the claim in question, he must fail, for the reason that upon such assignment of a chose in action the assignee can not recover in his own name in a proceeding at law.

The judgment of the County Court will be reversed and the cause remanded.